ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-May-03 15:46:55
60CV-22-2836
C06D05 : 6 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

**DERRICK MCKNIGHT**                                                                                              **PLAINTIFF**

**VS.**                                              **NO. 60CV-22-_____**

**DOLGENCORP, LLC aka**                                                                                     **DEFENDANTS**
**DOLLAR GENERAL; JOHN**
**DOES 1-3 and JOHN DOE**
**ENTITIES 1-3**

## COMPLAINT

COMES NOW the Plaintiff, Derrick McKnight, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Derrick McKnight was at all times relevant a citizen and resident of Sherwood, Pulaski County, Arkansas.

2. Upon information and belief, Defendant, Dolgencorp, LLC aka Dollar General (hereinafter referred to as "Dollar General") is a foreign limited liability company licensed to do business in the State of Arkansas.

3. Upon the Plaintiff's information and belief, the Defendant Doller General's registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201 and said Defendant may be served with process at this address.

4. Defendant Doller General owns and/or operates many retail locations throughout Arkansas in the business of offering goods, food and other items for sale to the general public.



5. Defendant Dollar General operates a retail store which is open to the general public and said general public is invited to visit and enter to retail shop located at 9801 Hwy 107, Sherwood, Pulaski County, Arkansas.

6. Defendant Dollar General maintained and operated its store as a public business open to the general public, and the general public was invited to patronize said business at the Sherwood, Arkansas location, including the Plaintiff.

7. The incident giving rise to this cause occurred near the front entrance of the Dollar General located at 9801 Hwy 107, Sherwood, Pulaski County, Arkansas when the Plaintiff went to said location to shop for goods and items advertised for sale at this location by Defendant.

8. The residencies of Separate Defendants, John Does 1-3 and John Doe Entities 1-3, remain unknown.

9. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. §16-56-125. See Exhibit "A."

10. This is an action for personal injuries sustained by the Plaintiff while shopping at the Dollar General location in Sherwood as described above.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

12. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

13.     This is a premise liability negligence action for personal injuries which occurred on Defendant Dollar General's premises on or about December 28, 2019.

## IV. FACTS

14.     On or about December 28, 2019, Defendant Dollar General owned and operated a store known as "Dollar General" as a public business open to the general public.

15.     Defendant Dollar General, through employees and/or agents, maintained and operated a store as a business open to the general public, and the general public was invited to patronize this business.

16.     On or about December 28, 2019, Plaintiff traveled to Defendant Dollar General premises as a customer and was a business invitee of Defendant Dollar General.

17.     While on the premises, Plaintiff was at all relevant times a business invitee of the Defendant Dollar General.

18.     On or about December 28, 2019, while Plaintiff was entering the Dollar General, Plaintiff walked in the door to go inside when Plaintiff suddenly and without warning slipped and fell as a result of the floor being wet.

19.     At the time of the occurrence, neither Defendant Dollar General nor its employees/agents gave warnings in appropriate locations to reduce or eliminate the hazard or hazardous conditions. Despite possessing knowledge of the dangerous condition.

20.     Upon information and belief, Defendant Dollar General's employees/agents did not take any steps to dry the wet floor before Plaintiff's fall, despite possessing knowledge of the dangers to the general public.

21. Upon information and belief, Defendant Dollar General and its employees/agents did not guard invitees from the dangerous condition of the floor.

22. As a result of the fall, Plaintiff sustained personal injuries and damages.

## V. CAUSE OF ACTION – NEGLIGENCE AS TO DOLLAR GENERAL

23. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

24. Defendant Dollar General maintained the premises through its employees and/or agents. Defendant Dollar General, through its employees and/or agents, acting in the course and scope of their employment, owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition.

25. Defendant Dollar General and its employees and/or agents, acting in the course and scope of their employment, were negligent in that they failed to use ordinary and reasonable care to maintain the premises in a reasonably safe manner, creating a hazardous condition.

26. Defendant Dollar General and its employees/agents were negligent in that they failed to mark or otherwise identify and warn their guests and patrons of the hazardous area surrounding the wet floor.

27. Defendant Dollar General's employees'/agents' negligent acts and omissions are imputed to the Defendants, their employer/principal, under the legal doctrine of *respondeat superior*.

## V. CAUSE OF ACTION – NEGLIGENCE AS TO JOHN DOE DEFENDANTS

28. John Does 1-3 and John Doe Entities s1-3 are responsible and vicariously liable for the negligence to Derrick McKnight, under the legal doctrine of joint enterprise, *respondeat superior* liability, and/or the principles of agency as adopted by the State of Arkansas.

29. Defendants John Does 1-3 and John Doe Entities 1-3 are individuals and/or entities unknown at this time but are believed to have been involved, or to otherwise have legal liability as a result of the incident involving Plaintiff.

## VI. PROXIMATE CAUSATION

30. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

31. Defendants' employees'/agents' negligence proximately caused the incident described herein and the injuries and damages sustained by Plaintiff.

## VII. INJURIES AND COMPENSATORY DAMAGES

32. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

33. Plaintiff sustained personal injuries and damages as a result of the incident.

34. Plaintiff is entitled to the following damages:

    (a) the nature, extent, duration, and permanency of his injuries;

    (b) the full extent of the injuries he sustained;

    (c) the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future; and

  (e) any visible results of his injuries.

35. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

36. Plaintiff is entitled to judgment against the Defendants for his underlying costs incurred as a result of his injuries.

## VIII. **DEMAND FOR JURY TRIAL**

37. Plaintiff hereby demands a trial by jury.

## IX. **DEMAND & PRAYER**

38. The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

Respectfully Submitted,

Attorneys for Plaintiff

By: _____
Bryce Brewer (Ark. Bar No. 2002013)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone: (501) 868-2500
Telefax: (501) 868-2508
Email: bbrewer@rainfirm.com